IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL FIRE INSURANCE COMPANY,

      Plaintiff,                                           06cv0390

v.                                                   **Electronically Filed**

SIPPEL DEVELOPMENT CO., INC.,

      Defendant.

### **Memorandum Opinion**

Plaintiff, National Fire Insurance Company (National), filed a complaint seeking an order vacating an arbitration award under the Federal Arbitration Act (FAA). 9 U.S.C. § 10. Currently pending before this Court are the parties cross-motions for summary judgment (doc. nos. 13 and 14) on the issue of whether the arbitration awarded should be vacated. Plaintiff disputes that portion of the award that includes penalties, interest, attorney's fees, and post-award interest. For the reasons that follow, this Court will confirm the arbitrator's award in all respects, grant defendant's motion for summary judgment, and deny plaintiff's motion for summary judgment.

**I.**      **Background**

On May 3, 2005, Sippel filed a breach of contract action against National and Westra Construction (Westra) before this Court (see related case, civil action no. 05-cv-574), alleging that defendant Westra, who had a subcontract with Sippel and who was the general contractor for the construction of a Wal-Mart store in Harbor Creek, Pennsylvania, along with National, who issued a subcontract payment bond as surety for Westra, failed to remit payment of $214,421.94 that was allegedly due Sippel under the payment bond.

On June 10, 2006, the parties filed a Joint Motion to Stay pending arbitration, and

following a case management conference, this Court closed this case based upon the parties agreement (pursuant to an arbitration clause) to final binding arbitration. The parties then submitted their dispute to arbitration pursuant to the American Arbitration Act, and on March 9, 2006, a single arbitrator entered an award in favor of Sippel and against National for a total of $329,943.02 ($52,684.50 of which represented attorney's fees, $31,034.76 of which represented interest, $31.034.76 of which represented penalties damage, and $767.00 of which represented costs).

National then filed the instant complaint seeking an order vacating that portion of the arbitrator's award that covers attorney's fees, interests, penalties damages, and costs.

**II.     Standard of Review**

Summary judgment under Fed.R.Civ.P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir.2001) (citations omitted). In deciding a summary judgment motion, the court must "view the evidence ... through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

**III.    Discussion**

The FAA authorizes a district court to vacate an arbitration award under the following limited circumstances:

(1)  Where the award was procured by corruption, fraud, or undue means.
(2)  Where there was evident partiality or corruptions in the arbitrators, or either of them.
(3)  Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(4)  Where the arbitrators exceeded their power, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (1994).

In addition to the four factors listed above, an arbitration award may also be vacated when the award was made in "manifest disregard of the law," *First Options of Chicago , Inc. v. Kaplan,* 514 U.S. 938, 942 (1995)(citations omitted), or was "not fundamentally rational." *Roadway Package System Inc. v. Kayser,* 257 F.3d 287, 291 (3d Cir. 2001). However, the "manifest disregard" and "not fundamentally rational" doctrines are judicially created ones that are to be employed in only in exceedingly rare circumstances where none of the other statutorily created provisions of vacatur under the FAA are applicable. *Duferco Int'l Steel Trading v. T. Clavness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003).

In *Jeffrey M. Brown Associates v. Allstar Drywall & Acoustics, Inc.,* 195 F.Supp. 2d 681, 684 (E.D. Pa. 2002), the United States District Court for the Eastern District of Pennsylvania ably explained this Court's limited scope of review:

 A court may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract or because it believes its interpretation of the contract is

better than that of the arbitrator. *News America Publications, Inc. v. Newark Typographical Union, Local 103*,918 F.2d 21, 24 (3d Cir.1990). To be sure, district courts have very little authority to upset arbitrators' awards and an award will be properly vacated only if there is absolutely no support at all in the record justifying the arbitrator's determinations. *United Transp. Union Local 1589 v. Suburban Transit Corp.,* 51 F.3d 376, 379 (3d Cir.1995); *Personnel Data Systems, Inc. v. OpenPlus Holdings Pty Ltd.*, No. Civ. A. 00-MC-166, 2001 WL 52546 at *1 (E.D.Pa. Jan.18, 2001) Indeed, "manifest disregard of the law" means more than error or misunderstanding with respect to the law. Rather, "manifest disregard of the law" encompasses situations in which it is evident from the record that the arbitrator recognized the applicable law, yet chose to ignore it. *Aetna Casualty and Surety Co. v. Dravo Corporation*, No. Civ. A. 97-149, 1997 WL 560134 at *1 (E.D.Pa. July 31, 1997). Other courts have held that the "manifest disregard" principle means that the correct legal standard must have been so obvious that the typical arbitrator would readily and instantly have perceived it, the arbitrator must have been subjectively aware of that standard, and he must have proceeded to ignore that standard in fashioning the award. *Coltec*, 1999 WL 695870 at *5. Accordingly, as long as the arbitrator has *arguably* construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that the arbitrator has committed a serious error. *United Transportation*, 51 F.3d at 379, quoting *News America Publications.*

*Jeffrey M. Brown Associates v. Allstar Drywall & Acoustics, Inc.,* 195 F.Supp. 2d 681, 684 (E.D. Pa. 2002).

After reviewing the parties cross-motions for summary judgment, this Court cannot say that the award in this case was either irrational or that it evidenced a manifest disregard for the law.  Although the award by the arbitrator did not contain an explanation, this fact, without more, does not give any indicia that the arbitrator displayed a manifest disregard for the law.

According to National, however, the arbitrator clearly disregarded the law as set forth in *R.. W. Sidley, Inc. v. United States Fidelity & Guaranty Company*, 319 F.Supp. 2d 554 (W.D. Pa. 2004).  In the *Sidley* case*,* Judge Gibson of this Court held that the provisions of the Pennsylvania's Conctractor and Subcontractor Payment Act, 3 P.S. § § 502, 507, 512, permitting a subcontractor to seek penalty payments and attorney's fees against a contractor according to the provision of their subcontract, did not provide for the recovery of such damages against a surety.

Although the Court in the *Sidley* case did ultimately hold that the recovery of such damages against a surety does not apply under the Pennsylvania Contractor and Subcontractor Payment Act, the Court specifically stated the following, which is critical to the instant dispute: "The Court notes that the Pennsylvania Supreme Court has not yet interpreted the application of the Act to sureties.  Thus, the Court must predict how the Pennsylvania Supreme Court would interpret the applicable provisions of the Act with respect to the case *sub judice*." *Id.* at 561.

      Contrary to plaintiff's assertions, the state of the law in Pennsylvania on whether a surety may be required to pay damages including attorney's fees, penalties, and costs, is not free from doubt.  In fact, no Pennsylvania appellate court has definitively ruled on this issue, and the district court in the *Sidley* case merely attempted to predict how the Pennsylvania Supreme Court might rule on the issue.  The holding and analysis in the *Sidley* case is not binding precedential authority on the subject of whether sureties can be required to pay attorney's fees and other costs.  Accordingly, under the deferential standard of review set forth hereinabove, the arbitrator's award against National will not be vacated for this perceived error because the award did not evidence a total disregard for the law nor was it fundamentally irrational.  An appropriate order follows.

                                                   s/Arthur J. Schwab
                                                 Arthur J. Schwab
                                                 United States District Judge

cc:    All counsel of record